stephenrobertomtn

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortes
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334/7215

Attorneys for the United States of America

**FILED**
DISTRICT COURT OF GUAM

JUN - 2 2006

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 00-00140 |
| Plaintiff, ) | GOVERNMENT'S RULE 35 MOTION TO REDUCE SENTENCE FOR SUBSTANTIAL ASSISTANCE |
| vs. ) | |
| STEPHEN PANGELINAN ROBERTO, ) | |
| Defendant. ) | |

COMES NOW the United States of America, by and through undersigned counsel, and moves this Honorable Court to reduce the sentence of the defendant, as permitted pursuant to Federal Rule of Criminal Procedure 35(b)(2)(B). The government makes this motion because more than one year after defendant's sentencing, he provided information within one year of sentencing which did not become useful to the government until more than one year thereafter.

On May 28, 2004, the defendant appeared for sentencing on this indictment charging Manufacture of Marijuana, in violation of Title 21, U.S.C. § 841(a)(1). The Honorable Robert J. Torres granted the government's 5K1.1 motion for a departure due to substantial assistance, and

1

imposed a sentence of one month incarceration with credit for time served, four years supervised release, and as a condition of supervised release, five months of home confinement, as well as other conditions. On August 17, 2004, this Honorable Court entered an amended judgment, modifying defendant's conditions of supervised release to provide for payment of the costs of electronic monitoring for the five month term of home confinement he was to serve.

On June 10, 2004, the Court granted the parties' stipulation to allow defendant to enter into an agreement to act as an informant for the US Immigration and Customs Enforcement and/or the Internal Revenue Service.

After his sentence, defendant advised ICE agents that on November 2, 2004, he had been approached by an individual, the main suspect in this investigation, who asked whether defendant would be willing to body-carry currency from Guam into the United States on a flight leaving November 6, 2004. The individual told defendant the money was going to Mexicans and was related to drug trafficking on Guam. Defendant said he would try to recruit people for this scheme, and arranged to introduce two ICE undercover agents to the individual, who purchased tickets for them on the November 6 Guam-Honolulu-Los Angeles flight. The individual gave each undercover agent an envelope containing over $10,000 in cash, and instructed them to give the cash to a woman who was traveling on the same flight. When the plane landed in Honolulu, ICE investigators counted and photographed the money, and replaced it in the original envelopes. Both undercover agents gave their envelopes to the female during the flight to Los Angeles. When the female suspect arrived at the Los Angeles International Airport, she checked into a motel room. An hour later, two females drove up to the motel in a sports utility vehicle, and the female suspect handed a bag to them.

As part of this investigation, defendant made consensually recorded telephone calls to the main suspect. In addition, subsequent investigation has confirmed that the sports utility vehicle which the two females used to meet with the female suspect has made numerous trips across the Mexican border. As a result of his assistance, the government is preparing to indict at least two

- 2 -

individuals for bulk cash smuggling in violation of Title 31, U.S.C. § 5332. Thus, therefore, the United States is recommending that the court reduce defendant's sentence to a straight four years supervised release, and eliminate the condition of five months home confinement.

RESPECTFULLY SUBMITTED this 2nd day of June, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the CNMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney

- 3 -