PROB 12B
(7/93)

# United States District Court

for

*District of Guam*

FILED
DISTRICT COURT OF GUAM
FEB -9 2007
MARY L.M. MORAN
CLERK OF COURT

### Report for Modifying the Conditions or Term of Supervision with Consent of the Offender
*(Probation Form 49, Waiver of Hearings is Attached)*

Name of Offender: **Stephen P. Roberto**        Case **CR 00-00140-001**

Name of Sentencing Judicial        Honorable Dean R. Pregerson

Date of Original Sentence:   May 27, 2004

Original Offense:   Manufacture of Marijuana, in violation of 21 U.S.C. § 841(a)(1).

Original Sentence:   One month imprisonment with credit for time served followed by a four year term of supervised release with conditions that he: not commit another federal, state, or local crime; not unlawfully possess a controlled substance; refrain from any unlawful use of a controlled substance; submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter; not possess a firearm, ammunition, destructive device, or any other dangerous weapon; comply with the standard conditions of supervision; serve five months of home confinement; refrain from the use of any and all alcoholic beverages; participate in a program approved by the U.S. Probation Office for the treatment of narcotic addiction or drug or alcohol dependency which will include testing for the detection of substance use or abuse; maintain gainful employment; pay a $100 special assessment fee; and pay a $4,000 fine. **On June 10, 2004**, conditions were modified to allow the defendant to enter into an agreement to act as an informer and/or special agent of the United States Immigration and Customs Enforcement and/or the Internal Revenue Service. **On February 17, 2005**, conditions were modified to include that the defendant be placed on unsupervised release from U.S. Probation and be authorized to travel between Guam and Los Angeles, California, only under the direction of Immigration and Customs Enforcement Agent John Duenas or Robert Robertson or any other designated agent of Immigration and Customs Enforcement and while in Los Angeles, the defendant is to maintain contact with a designated agent of the U.S. Immigration and Customs Enforcement as directed by Agent's Duenas or Robertson and that the defendant will immediately return to Guam when so directed. **On June 5, 2006**, defendant placed back on active supervised release, as well as home confinement condition deleted by the Court. **On June 14, 2006**, Informational Report submitted requesting that the substance abuse program condition be suspended.

Type of Supervision:   Supervised Release        Date Supervision Commenced:   May 27, 2004

---

## PETITIONING THE COURT

[ ] To extend the term of _____ years, for a total _____ years.

[X] To modify the conditions of supervision as follows:

> 1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight drug tests per month, as directed by the probation officer.

Report for Modifying the
Conditions or Term of Supervision with
Consent of Offender

page 2

CAUSE

On September 2, 2005, the Ninth Circuit, in United States v. Stephens, No. 04-50170, addressed 18 U.S.C. § 3583(d) supervised release and 18 U.S.C. §3563(a)(5) probation mandatory testing conditions which requires that the district court determine the maximum number of mandatory drug tests. The Ninth Circuit held that because the statute requires the district court to determine the maximum number of drug tests under the mandatory condition, transferring this duty to the probation officer was an improper delegation of Article III judicial power. To assist the Court in determining the appropriate number of drug tests, the undersigned officer has evaluated Mr. Roberto's history of drug use, and the drug detection period of his drug of choice. As marijuana is Mr. Roberto's drug of choice and has a normal detection period of four days or less, it is recommended that the maximum number of tests the court order per month be set at eight. This will allow for adequate time intervals between tests which will help facilitate the detection of use. It also provides for enough additional tests so that the pattern of testing will not be predictable to Mr. Roberto. To address the implications of United States v. Stephens, Ninth Circuit No. 04-50170, it is respectfully requested that the Court modify the defendant's mandatory condition to set the maximum number of tests Mr. Roberto must submit. It is therefore recommended that the mandatory condition be modified as follows:

> "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer."

With the exception of a positive drug test for marijuana on February 21, 2002 (pretrial supervision), Mr. Roberto has tested negative for drug use on tests conducted during the remainder of his pretrial release and since commencement of supervision. His drug treatment requirement was suspended, based on a score of zero on the Texas Christian University Drug Screen. Mr. Roberto is set to complete his drug testing requirement on February 5, 2007. He is gainfully employed, paid his $100 special assessment fee on May 27, 2004, paid his $4,000 fine on June 9, 2004, and voluntarily submitted to a DNA sample of his blood on September 13, 2006.

Based on the information above, this Officer respectfully requests that the Court modify the conditions of supervised release, pursuant to 18 U.S.C. § 3583(e)(2) as outlined above. Attached is Probation Form 49, Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision, with Mr. Roberto's consent to the modification.

Reviewed by:

ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader
Date: 2/8/07

Respectfully submitted,

by: JOHN W. SAN NICOLAS II
U.S. Probation Officer
Date: Feb 7, 2007

**THE COURT ORDERS**

☐ No Action

☐ The Extension of Supervision as Noted Above.

☒ The Modification of Conditions as Noted Above.

☐ Other

FRANCES M. TYDINGCO-GATEWOOD
Chief Judge
District of Guam

2/8/07
Date

RECEIVED
FEB - 8 2007
DISTRICT COURT OF GUAM
HAGATNA, GUAM

PROB 49
(3/89)

# United States District Court

District  Guam

## Waiver of Hearing to Modify Conditions
## of Probation/Supervised Release or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release or to the proposed extension of my term of supervision:

1. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

Witness _____  Signed _____
U.S. Probation Officer                              Probationer or Supervised Releasee

2/1/07
Date